**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Daniel D. Domenico**

Civil Action No. 1:26-cv-01368-DDD-STV

MIGUEL CAZARES SOTO,

      Petitioner,

v.

JUAN BALTAZAR, in his official capacity as Warden, GEO Group,
    U.S. Immigration and Customs Enforcement Contract Detention
    Facility;
GEORGE VALDEZ, in his official capacity as Denver Field Office
    Director, U.S. Immigration and Customs Enforcement;
DAVID VENTURELLA, in his official capacity as Acting Director, U.S.
    Immigration and Customs Enforcement;
MARKWAYNE MULLIN, in his official capacity as Secretary of the
    Department of Homeland Security; and
TODD BLANCHE, in his official capacity as Acting Attorney General
    of the United States,

      Respondents.[1]

---

**ORDER**

---

Petitioner Miguel Cazares Soto seeks a writ of habeas corpus direct-
ing his release from immigration detention. Doc. 1. For the following
reasons, the respondents must submit a supplemental response ad-
dressing the current basis for the petitioner's detention.

---

[1]   To the extent that any of the original respondents has ceased to hold
office during the pendency of this action, that party's successor "is auto-
matically substituted as a party," and "any misnomer not affecting the
parties' substantial rights must be disregarded." Fed. R. Civ. P. 25(d).

- 1 -

## BACKGROUND[2]

The petitioner is a native and citizen of Mexico. Doc. 1 at 3; Doc. 7 at 2. He has resided in the United States since 1993. Doc. 1 at 5. He has no criminal convictions other than minor traffic infractions. *Id.*

On August 16, 2025, U.S. Immigration and Customs Enforcement agents conducted a traffic stop of the petitioner's vehicle because they were targeting the passenger for an enforcement action. *Id.* at 6. The ICE officers questioned the petitioner and then took him into custody after determining that he lacks authorization to be present in the United States. *Id.*; Doc. 7 at 2. That same day, ICE issued a Notice to Appear, initiating removal proceedings against the petitioner. Doc. 1 at 6.

On March 4, 2026, the petitioner had a custody redetermination hearing before Immigration Judge Melanie Corrin. *Id.* at 7; Doc. 7 at 2; Doc. 14-1. At the hearing, the U.S. Department of Homeland Security "presented no countervailing evidence whatsoever that Mr. Cazares posed a danger to the community or that he presented a risk of flight," and DHS's opposition was limited to a jurisdictional objection on the basis that the petitioner was subject to mandatory detention under 8 U.S.C. § 1225 and not eligible for release on bond. Doc. 1 at 6-7; *see also* Doc. 7 at 2 n.2 ("Respondents accept as true the factual allegations from the Petition cited here for purposes of this response."). At the conclusion of the hearing, IJ Corrin ordered that the petitioner be released on a $10,000 bond. Doc. 1 at 7; Doc. 7 at 2; Doc. 14-1.

The next day, on March 5, 2026, DHS served the petitioner with a Notice of ICE Intent to Appeal Custody Redetermination pursuant to 8 C.F.R. § 1003.19(i)(2), which automatically stayed the bond order.

---

[2]    In this Order, pinpoint citations to the record use the blue page number appended by the Court's Electronic Case Filing system at the top of each page, which may differ from a document's internal pagination.

Doc. 1 at 8; Doc. 7 at 2-3. The petitioner remains in custody while DHS's appeal to the Board of Immigration Appeals is pending. Doc. 1 at 8-9.

On June 30, 2026, the Tenth Circuit issued an opinion holding that 8 U.S.C. § 1225 is generally limited to noncitizens who are detained at the border, and 8 U.S.C. § 1226 applies to noncitizens, like the petitioner, who have entered the United States and are thereafter detained in the interior of the country. *Santillan Quiroz v. Mullin*, — F.4th —, No. 26-6019, 2026 WL 1876709, at *4 to *17 (10th Cir. June 30, 2026). The petitioner states that "[u]pon information and belief," DHS's pending appeal of his bond order is "based on the same statutory theory rejected in *Santillan Quiroz* to wit, that Mr. Cazares was subject to mandatory detention under 8 U.S.C. § 1225(b), rather than discretionary detention under 8 U.S.C. § 1226(a)." Doc. 14 at 2-3, 5 ("Upon information and belief, DHS's appeal of IJ Corrin's March 4 bond order rested on the same legal premise rejected in *Santillan Quiroz* . . . .").

On July 1, 2026, I ordered the respondents to, within one week, either "(a) provide the petitioner with a bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and 8 C.F.R. §§ 236.1(d)(1), 1003.19, & 1236.1(d)(1) or else release the petitioner," or "(b) show cause why this case is distinguishable from *Santillan Quiroz* and the application for a writ of habeas corpus should not be granted." Doc. 9. In response to that order, even though the petitioner had already received a hearing pursuant to Section 1226(a) at which bond was granted, the respondents sought to schedule a second bond hearing in immigration court. Doc. 14-2. The petitioner objected, arguing

> that the Immigration Court lacked authority to proceed in that posture while the original bond order remained on appeal; that any DHS-initiated subsequent bond redetermination was improper under 8 C.F.R. § 1003.19(e); and that Petitioner was not requesting a new bond redetermination,

> but compliance with IJ Corrin's March 4 bond order and this Court's July 1 Order.

Doc. 14 at 3. On July 8, 2026, a second bond hearing was held before a different IJ, over the petitioner's objection. *Id.*; Doc. 11 at 3. The second IJ denied bond, finding that the petitioner is a flight risk and a danger to the community. Doc. 14 at 3; Doc. 11 at 3.

The petitioner contends that (1) his prolonged detention and DHS's application of the automatic stay of the first IJ's bond order violate his right to due process; (2) DHS's invocation of the automatic stay was arbitrary and capricious in violation of the Administrative Procedure Act; and (3) the second IJ lacked authority to conduct another bond hearing. *See* Doc. 1 at 9-12; Doc. 8 at 2-7; Doc. 14 at 3-7.

## LEGAL STANDARD

An application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). Habeas corpus relief may be granted if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Federal courts have habeas jurisdiction to hear statutory and constitutional challenges to immigration detention. *See Demore v. Kim*, 538 U.S. 510, 516-17 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001); *Sierra v. INS*, 258 F.3d 1213, 1217-18 (10th Cir. 2001).

## DISCUSSION

It appears that the automatic stay of IJ Corrin's bond order that DHS invoked on March 5, 2026, has now expired. The stay would lapse if DHS failed to file a notice of appeal within ten business days of the IJ's

March 4 bond order, *i.e.*, by March 18. 8 C.F.R. § 1003.6(c)(1). It would also lapse if the BIA did not act on the appeal within ninety days after the notice of appeal, *i.e.*, at the latest on June 16, unless the BIA granted a motion by the petitioner for an enlargement of the briefing schedule. 8 C.F.R. § 1003.6(c)(4).

It also appears the petitioner is correct that the immigration court lacked authority to conduct the second bond hearing requested by DHS in July. Either side may appeal an IJ's custody or bond determination to the BIA. 8 C.F.R. §§ 1236.1(d)(3)(i), 1003.19(f). But only the noncitizen may request a subsequent bond redetermination before an IJ.[3] *See* 8 C.F.R. §§ 1236.1(d), 1003.19(e); *In re P-C-M*, 20 I. & N. Dec. 432, 434 (B.I.A. 1991) ("The regulations . . . only provide authority for the immigration judge to redetermine custody status upon application by the [noncitizen] or his representative," and "[i]t was . . . improper for the immigration judge herself to instigate the motion" for bond redetermination *sua sponte*.); *Valles-Perez*, 21 I. & N. Dec. at 769 ("An Immigration Judge maintains continuing jurisdiction to entertain bond redetermination requests *by an alien* even after the timely filing of an appeal with the Board of Immigration Appeals from a previous bond redetermination request." (emphasis added)). The petitioner here did not re-

---

[3]  Although DHS cannot request a subsequent bond redetermination before an IJ, "the fact that an Immigration Judge or [the BIA] may have entered a bond decision does not impede the district director's jurisdiction, once 7 days have elapsed after release, to [revoke or] modify a bond." *In re Valles-Perez*, 21 I. & N. Dec. 769, 772 (B.I.A. 1997) (citing *In re Chew*, 18 I. & N. Dec. 262 (B.I.A. 1982)). "[A] noncitizen who is re-detained after DHS exercises its broad authority to revoke a bond—even one issued by an immigration judge—may (again) seek a custody redetermination from an immigration judge and may appeal an adverse decision to the BIA." *Salvador F.-G. v. Noem*, No. 25-CV-0243-CVE-MTS, 2025 WL 1669356, at *8 (N.D. Okla. June 12, 2025).

quest—and in fact opposed—the July 8 bond hearing in immigration court.

The basis for the petitioner's current detention is thus unclear. Is he detained pursuant to the 8 C.F.R. § 1003.19(i)(2) automatic stay, or has that stay expired? If the automatic stay has expired, did the respondents seek a discretionary stay of IJ Corrin's bond order pursuant to 8 C.F.R. §§ 1003.19(i)(1) & 1003.6(c)(5)? If a discretionary stay was granted, are the respondents prosecuting their BIA appeal on a ground that has not been foreclosed by *Santillan Quiroz*? Do the respondents purport to detain the petitioner pursuant to the second IJ's July 8 denial of bond, or on some other ground? I will therefore require the respondents to submit a supplemental response addressing the current basis for the petitioner's detention and why his continued detention is lawful. *See* 28 U.S.C. § 2241(c)(3) (writ of habeas corpus may issue if applicant "is in custody in violation of the Constitution or laws . . . of the United States").

## CONCLUSION

It is **ORDERED** that:

The respondents must file a supplemental response on or before **July 30, 2026**, addressing the current basis for the petitioner's detention and why his continued detention is lawful; and

Pursuant to Federal Rule of Civil Procedure 25(d), the Clerk of Court is **DIRECTED** to: (1) substitute George Valdez, in his official capacity as Denver Field Office Director, U.S. Immigration and Customs Enforcement, in place of Respondent Robert Hagan; (2) substitute David Venturella, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement, in place of Respondent Todd M. Lyons; and

- 6 -

(3) substitute Todd Blanche, in his official capacity as Acting Attorney General of the United States, in place of Respondent Pamela Jo Bondi.

DATED: July 24, 2026        BY THE COURT:

Daniel D. Domenico
Chief United States District Judge